**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE ALEJANDRO STULTZ,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| | : | **No. 14-4570** |
| **v.** | : | **No. 14-4571** |
| | : | |
| **NANCY A. GIROUX** *et al.*, | : | |
| **Respondents.** | : | |

### ORDER[1]

This 21st day of December 2015, upon careful and independent consideration of the

pleadings and record herein, and after review of the Report and Recommendation of United

States Magistrate Judge Marilyn Heffley, dated November 26, 2014, and *pro se* Petitioner's

Objections to the Report and Recommendation, **IT IS ORDERED** as follows.

1. The Report and Recommendation of United States Magistrate Judge Heffley is

    **APPROVED** and **ADOPTED;**

2. The Petition for Writ of Habeas Corpus filed by Petitioner is **DISMISSED;**

3. Petitioner's Objections are **OVERRULED** for the reasons below; and

4. There is no probable cause to issue a certificate of appealability.

Petitioner raises six objections to Judge Heffley's Report and Recommendation.  First, he

alleges he was denied Due Process of Law when Pennsylvania's Board of Probation and Parole

addressed its Parole Revocation Form to an incorrect Institution Number, HE9640.  He argues

the form was defective, did not give him appropriate notice, and was therefore invalid.  Petitioner

---

[1] Petitioner has filed identical habeas petitions under two docket numbers.  Respondents filed identical responses, Judge Heffley filed one Report and Recommendation on both dockets, and Petitioner filed identical objections on both dockets.  I also file this Order on both dockets.

is correct that in many circumstances notice is a critical component of due process.  "Engrained

in our concept of due process is the requirement of notice."  *Lambert v. People of the State of*

*California*, 355 U.S. 225, 228 (1957).  However, another essential element of a due process

violation is prejudice caused by a lack of notice.  "[P]roof of prejudice is a necessary … element

of a due process claim."  *Burkett v. Cunningham*, 826 F.2d 1208, 1221 (3d Cir. 1987) (internal

citation omitted).  Even if Petitioner is correct and the Parole Board used the wrong number (and

the Commonwealth Court did not find that it had, *see* Docket 13 at 12), Petitioner has not shown

he suffered prejudice thereby.

Second, Petitioner claims he was denied Equal Protection because the Parole Board

revoked time he spent on parole when he was re-incarcerated and added that time back to his

sentence.  Pennsylvania state law provides that a parolee who is convicted of a crime while on

parole may have the time he spent "at liberty on parole" added back to his sentence.  61

Pa.C.S.A. § 6138; *Cox v. Com. Bd. of Probation and Parole*, 507 Pa. 614, 617, 493 A.2d 680,

682 (Pa. 1985).  Petitioner's argument seems to be that the board's decision violated the Equal

Protection clause under a "class of one" theory.  To state a claim under that theory, "a plaintiff

must allege that (1) the defendant treated him differently from others similarly situated, (2) the

defendant did so intentionally, and (3) there was no rational basis for the difference in

treatment."  *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).  Petitioner alleges

the existence of a similarly situated individual who received different treatment.  Petitioner's

Objections at 8.  Petitioner here does not provide facts showing there was no rational basis for

the difference in treatment.

Third, Petitioner contends that the Parole Board violated the 5th, 8th, and 14th

Amendments by giving Petitioner credit on his sentence for time he was available to serve

backtime.  I recognize that the rules concerning time credited towards sentences for parole

violators are dizzyingly complex.  *See Martin v. Pennsylvania Bd. of Prob. and Parole*, 576 Pa.

588, 840 A.2d 299 (Pa. 2003).  However, it is evident that Petitioner has not shown a violation of

federal law.  Preliminarily, the Commonwealth Court explained that Petitioner did receive time

credit from February 1, 2010 to July 27, 2011.  *Brown v. Pennsylvania Bd. of Prob. and Parole*,

No. 2131 C.D. 2012, 2013 WL 6207118 (Pa. Commw. Ct. Oct. 25, 2013).  Furthermore, states

have a significant degree of discretion to set up systems of parole, including rules for crediting

time.  *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1 (1978).

Petitioner offers a variety of arguments that Pennsylvania incorrectly applied its own credit rules,

but even if these arguments were correct, I do not find that Petitioner has shown any violation of

federal law.  "[F]ederal habeas corpus relief does not lie for errors of state law."  *Estelle v.*

*McGuire*, 502 U.S. 62, 67 (1991) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

Fourth, Petitioner argues that 61 Pa.C.S. § 6138, which authorizes the Board of Parole to

recommit parole violators and governs how the Board of Parole credits time spent on parole to

the parole violators remaining sentence, violates numerous provisions of the constitutions of

Pennsylvania and the United States, including the separation of powers, Due Process, Ex Post

Facto clauses, and more.  Petitioner argues that sentencing is a judicial function and the statute

impermissibly authorizes a legislative body—the Board of Parole—to engage in a judicial

function.  As discussed above, federal habeas review is concerned only with violations of federal

law, so I will not consider Plaintiff's claim that the statute violates the state constitution.  As to

the argument that the statute violates the Federal Constitution, multiple courts have rejected these

arguments.  In *Geraghty v. United States Parole Comm'n*, the Third Circuit found that it did not

violate the separation of powers for Congress to delegate authority to set parole guidelines to a

commission.  The court explained, "sentencing is not inherently or exclusively a judicial

function."  719 F.2d 1199 (3d Cir. 1983); *see also, Young v. Com. Bd. of Probation and Parole*,

487 Pa. 428, 436, 409 A.2d 843, 848 (Pa. 1979) (finding parole credit rules do not violate

Pennsylvania's constitutional separation of powers).  The Third Circuit also affirmed a decision

that held "No constitutional question is involved in the Parole Board's failure to give … credit

for time on parole and its adjustment date of his new maximum."  *United States ex rel. Heacock*

*v. Myers*, 251 F. Supp. 773, 774 (E.D. Pa. 1966), *aff'd* 367 F.2d 583 (3d Cir. 1996).  *See also*

*United States ex rel. Kloiber v. Myers*, 237 F. Supp. 682, 684 (E.D. Pa. 1965) ("application of the

Pennsylvania Board of Parole Act to a parole violator … does not place him in double jeopardy

…. [and] there is no merit in relator's contentions that the Pennsylvania Board of Parole Act is

an ex post facto law or violates the equal protection or due process clauses of the Constitution.").

In summary, Petitioner's assertion that 61 Pa.C.S. § 6138 is unconstitutional is not supported by

case law.

Fifth, Petitioner argues that his original sentence violates the 4th, 5th, 8th, 13th, and 14th

Amendments of the Federal Constitution and Articles 3 and 4 of the Universal Declaration of

Human Rights because the Department of Corrections is unable to provide him with a copy of

the original sentencing order in his case.  Petitioner argues that state law requires a "Sentencing

Order" for a sentence to be valid.  He claims that in his case, only a "Commitment Form" was

created.  According to Petitioner, without a "Sentencing Order," his detention was illegal.

Petitioner's argument confuses form with substance.  Pennsylvania's Superior Court recently

held that a sentence pronounced orally was "a valid sentencing order."  *Joseph v. Glunt*, 96 A.3d

365, 371–73 (Pa. Super. Ct. 2014).  The lack of a particular written sentencing order form does

not invalidate an otherwise clearly valid sentence.  *Id.*  If there was an allegation that the trial

judge orally modified a sentence, a written sentencing order would trump oral modifications. *Id.* (*citing Commonwealth v. Hodge*, 369 A.2d 815 (Pa. Super. Ct. 1977) and *Commonwealth v. Foster*, 324 A.2d 538 (Pa. Super. Ct. 1974)).  But where, as here, there is no dispute that there was a clear sentence ordered, the lack of a signed Sentencing Order does not make the sentence and subsequent detention invalid.  Furthermore, even if there had been a misapplication of Pennsylvania state law, Petitioner fails to show that the Federal Constitution requires a written and signed Sentencing Order form.

 Sixth, Petitioner asserts that Judge Heffley erred in recommending that I deny his petition.  Petitioner's objection relates to the various motions and responses that were filed in this case.  After receiving Petitioner's petition for habeas relief, Judge Heffley ordered Respondent to answer Petitioner's petition on August 14, 2014.  Respondent filed a response on November 4, 2014.  Petitioner moved for Respondent to produce the Sentencing Order on November 17, 2014.  Respondent filed a Supplemental Response on November 21, 2014.  Judge Heffley denied Petitioner's motion for the production of documents and issued her Recommendation that the petition for habeas relief be denied on November 25 and 26, 2014.  Petitioner argues that Judge Heffley violated Rule 5(e) of the Rules Governing Section 2254 cases, which that if a judge orders a response to a habeas petitioner, "[t]he petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge."  Rules Governing § 2254 Cases, Rule 5.  Petitioner contends that Judge Heffley erred by failing to give him time to reply to Respondent's filings.  If Judge Heffley erred on this point, Petitioner suffered no prejudice.  The 36 pages of Petitioner's Objections to Judge Heffley's Report and Recommendation reargue much of the merits of Petitioner's claims and amply serve the purpose of a reply.  In addition, Petitioner does not show that failure to grant a Petitioner leave to reply entitles him to a writ of

habeas corpus or any other form of relief.  Petitioner also alleges that Judge Heffley erred in

denying his motion for the production of documents.  I am not persuaded that Judge Heffley

erred, and if she did Petitioner suffered no prejudice.  In overruling Petitioner's argument about

the Sentencing Order and the validity of his detention, I assume there was no Sentencing Order.

If Respondent had in fact produced a Sentencing Order, Petitioner's claim would still fail.

Finally, although Petitioner's objections to Judge Heffley's Report and Recommendation

fail on their merits, it is also the case that this Petition would need to be rejected on procedural

grounds.  For habeas claims arising out of a conviction, a petitioner for habeas corpus relief

whose state court conviction became final before the effective date of the Antiterrorism and

Effective Death Penalty Act of 1996 had one year from that effective date to file a timely habeas

petition.  *Burns v. Morton*, 134 F.3d 109 (3d Cir. 1998).  For habeas claims that arise later, such

as claims related to parole, a one year statute of limitations begins to run on "the date on which

the factual predicate of the claim or claims presented could have been discovered through the

exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Petitioner also suggests that some of his

claims may still be pending in state court.  Petition at ¶ 11, 15.  Therefore, the petition appears to

be a mix of unexhausted claims and claims for which the statute of limitations has run, and

dismissal would be appropriate on those grounds.   28 U.S.C. § 2254(b)(2)("An application for a

writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to

exhaust the remedies available in the courts of the State.").


       /s/ Gerald Austin McHugh
       United States District Court Judge